grant. And that the same principle applies where the piece of land conveyed is partly surrounded by lands of a third person.

That the right of way of necessity over the lands of the grantor in a conveyance in favor of the grantee and those subsequently claiming the dominant tenement under him, is not a perpetual right of way ; but continues only so long as the necessity exists. And that if the grantee of the dominant tenement or those claiming the same under him, afterwards, by purchase or otherwise, acquires a convenient way over his own lands to the the tenement in favor of which the way of necessity previously existed, the way of necessity over the lands of the original grantor of such tenement will cease. So if a convenient way to such tenement is subsequently obtained by the owner thereof from the opening of a public highway to or through such tenement.

Order directing decree of sale to be modified and amended, *nunc pro tunc* as of the time when it was originally entered, and that enrolment be discharged and decree enrolled anew as amended. Order to contain the necessary instructions to the master to make the sale conformably to the principles of this decision, and directing him to make his report accordingly. Costs of this application to be paid by Grant to the solicitor of the defendants Conger and Sprague.

Construction of 193d rule.

*Peter Cagger* v. *Lancelot Howard.* N. HILL, Jun. for complainant ; J. EDWARDS, for the defendant. The chancellor stated that the object of the 193d rule directing that where two or more bills are filed by different creditors against the same debtor no more than one receiver shall be appointed, was to save the expense of different receiverships, and to prevent a conflict of claims between them as to the property assigned to them, by the defendant in the different suits. And he decided that the principle of the rule should be adhered to even where the same person is made a defendant alone as the judgment debtor in one suit, and is joined with others as defendant in another suit ; where the defendants in the respective suits have no conflicting claims with each other in relation to the property which is directed to be assigned and

delivered to the receiver; and where the receiver in the one is willing to act as the receiver in the other, and to give such additional security as is required by the court.

That in cases coming within that rule a receiver who has consented to accept the trust in one suit has no right to decline it in another, and he may be compelled to accept the trust in a second suit; if both suits are before the chancellor or the same vice chancellor. Or if he refuses to give security in the second suit he may be removed from his trust in the first suit.

*Power to compel receivers to accept the trust.*

*Power of court to remove them.*

So much of the application as seeks to reverse the decision of the master appointing Hinds the receiver in this suit denied with costs.

Held, that the assignment to be executed by the defendant in a creditor's suit need not contain a reservation of property which he holds merely in the character of trustee for others, upon a valid trust, and in which he has no beneficial interest. As nothing will pass, under the general words of such an assignment, except property or things in action, in which the defendant had some beneficial interest at the time of the commencement of the suit. Neither is it necessary to except property which defendant has already assigned to a receiver appointed in a previous suit.

*Form of assignment in creditor's suit.*

*What passes, under it.*

That such assignment should contain an exception of such property as is by law exempted from sale on execution; whenever it is made to appear to the master that the defendant is entitled to have any part of his property thus exempted; and this notwithstanding the general language of the order of reference.

In this case the assignment as settled by the master, was directed to be modified by inserting therein the following exception: "Except such articles of property as were, at the time of making the above recited order, legally exempt from levy and sale under any execution which might have been issued on the judgment against the said party of the first part, mentioned and set forth in the bill of complaint filed in the cause aforesaid in the court of chancery; upon the ground that the said party of the first part was, at the time of making of such order, a householder, or had a family for which he provided."

*Form of exception of exempt property.*