## YOUNG *v.* ARONSON.

*(District Court, S. D. New York.* April 17, 1886.)

COURTS—FEDERAL AND STATE COURTS—EXECUTION—SUPPLEMENTARY PROCEED-
INGS—RECEIVERS.

Upon an examination of a judgment debtor in proceedings supplementary to execution, in accordance with the state practice in common-law actions, as a substitute for the old creditors' bill, a federal court is not bound to appoint the same person as receiver that was previously appointed in a similar prior proceeding in the state courts. As these independent jurisdictions have no common superior, confusion and conflict will be most likely avoided by the appointment of independent receivers. Especially should a different receiver be appointed where circumstances afford reasonable suspicion that the prior receiver was obtained by collusion with the judgment debtor.

At Law.
*Nelson Smith,* for plaintiff.
*G. W. Carr,* for defendant.

BROWN J. Upon an examination in proceedings supplementary to execution upon a judgment of this court, in a common-law action, in accordance with the practice of the state courts under the state Code of Procedure, which has been in part adopted by this court, the plaintiff is entitled to the appointment of a receiver; and it is urged that the court should appoint the same receiver already appointed by the state court upon a small judgment of about $100 prior to the proceedings in this action. Where similar supplementary proceedings are had upon judgments in different courts of the state, it is provided by section 2466 of the New York Code of Procedure that no other receiver shall be appointed, but that an order may be made in any subsequent cause extending the receivership to the proceeding in that cause. Section 2471 declares that such a receiver "is subject to the direction and control of the court out of which the execution was issued;" and, upon any subsequent orders extending the receivership to other judgments, "the control over, and direction of, the receiver with respect to that judgment remain in the court to whose control and direction he was originally subject."

The latter provision indicates a manifest objection to the appointment by a federal court of the same receiver that has been appointed in the state court. By accepting a subsequent appointment from a federal court, the receiver would become amenable to the federal jurisdiction. But no mere order appointing him, without his acceptance, could make him so. If he accepted the federal appointment, he would become subject to the direction of two independent tribunals, upon the application of different creditors, without concert of action, and with no common superior. Such a receiver would be liable to become subject to conflicting orders, and to conflicting duties, unless the federal court, or the state court, were to renounce any authority, direction, or control over him, or over the fund of which the receiver

might become possessed; which is manifestly inadmissible. The state statute intrusts all control over the receiver in the case of several appointments in different state courts to the court by whom the receiver was originally appointed, and thereby any confusion or conflict of jurisdiction is avoided among the several state tribunals. But that statute cannot control the appointments of the federal courts.

A receiver is an officer of the court that appoints him. He, and the fund that he represents, must be under the control of the court that appoints him, except in so far as some statute otherwise provides. He has no authority beyond the jurisdiction that appoints him. *Booth* v. *Clark*, 17 How. 322. A federal court could not retain its proper independence and control over the receiver appointed by it in its own cause if it were to appoint a state officer subject by state statutes to the exclusive control of a state tribunal. There is no state or federal statute authorizing a state court to direct the receiver, or to control the fund, in the interest or for the benefit of a creditor under a federal judgment. His relief and protection devolve on the federal court in which the judgment was obtained.

It is asserted that the receiver appointed on the small prior judgment in the state court has never done anything in regard to the debtor's estate, and that there is ground to believe that the proceeding and appointment were collusive, and as a further protection against the debtor's alleged frauds. In the state courts the proper remedy in such a case would, perhaps, be for a subsequent creditor upon a state judgment to apply for the removal of such a receiver to the court that appointed him; but a federal creditor would have no legal *status* in a state court upon such an application, because there is no statute which requires the state court to interfere for his benefit.

I do not perceive any special difficulty or embarrassments likely to arise in this case from the appointment of separate receivers. Prior to rule 139 of the late court of chancery, different receivers were often appointed. *Cagger* v. *Howard*, 1 Barb. Ch. 368. A receiver in supplementary proceedings represents only the rights of the creditor on whose judgment he was appointed. Even as respects undoubted assets in the debtor's possession, his authority and power to collect extend no further than to make the amount of the judgment, with interest, costs, and expenses; while as respects property held by third persons in alleged fraud of judgment creditors, such a receiver acquires no lien even, until he has filed a bill, or taken other legal proceedings to avoid the fraudulent transfer, or to assert his right of possession, (*Olney* v. *Tanner*, 10 Fed. Rep. 107–114;) and, if successful, he recovers only the amount of the judgment in which he was appointed, with costs and expenses, (*Bostwick* v. *Menck*, 40 N. Y. 383.) *Swift* v. *Johnson*, 26 Fed. Rep. 828. If the prior state receiver were therefore actively prosecuting his duties, a different receiver appointed by this court, while bound to respect any legal title or lien acquired by the prior receiver in any specific property, or any steps already

taken by him to acquire any particular assets, (High, Rec. *cc.* 2, 3,) would not be precluded from taking any appropriate legal measures to avoid fraudulent transfers which the prior receiver had not attacked, nor from taking the debtor's admitted assets after the prior judgment and expenses were satisfied. That is the object of the present application. To appoint the prior state receiver would apparently tend to defeat the whole object of this proceeding. While I do not say that there may not be special circumstances which might justify the appointment of a state receiver who was willing to act under both jurisdictions, this is not such a case, and I greatly doubt whether the same appointment should ordinarily be made, except on consent of the parties. Confusion and conflict between independent jurisdictions will usually be best avoided by the appointment of independent receivers of this kind. No reference is here had to suits relating to specific property, which is the subject of the action, nor to cases in which certain property is within the exclusive or peculiar jurisdiction of another tribunal.

The plaintiff in the present case is assignee in bankruptcy, and I see no objection to his being made the receiver in this case. An order may be drawn for his appointment.