METROPOLITAN LIFE INSURANCE COMPANY, Respondent, *v.* JASH-LAP REALTY CORPORATION and Others, Defendants.

MAX L. FRIED and Another, as Receivers, etc., Appellants; EDWARD J. CHAPMAN, as Receiver, etc., Respondent.†

First Department, December 5, 1930.

J. *Rhodes O'Reilly*, for the receivers, appellants.

*Frederick C. Tanner* of counsel [*Edward J. Mastaglio* with him on the brief; *Butcher, Tanner & Foster*, attorneys], for the plaintiff, respondent, and receiver, respondent.

SHERMAN, J.   This appeal deals with the rights of successive receivers of the rents of the same premises under foreclosure.

On December 30, 1929, appellants were appointed joint receivers of the rents, etc., of the premises known as Nos. 1010–1032 East One Hundred and Sixty-third street, borough of Bronx, New York city, in the foreclosure suit brought by the second mortgagee, and on January 3, 1930, that receivership was extended in an action instituted by the third mortgagee.   These actions were followed by this suit brought to foreclose the first mortgage in which respondent was appointed receiver on January 29, 1930.

Subsequently plaintiff moved to enjoin the appellants from performing their functions as receivers and to direct them to file their account; the order entered thereon is here for review.

While the order appointing Chapman as receiver did not, by its terms, expressly vacate the prior appointment of appellants as receivers in the foreclosure proceedings previously brought by the junior mortgagees, nevertheless respondent's appointment supplanted the earlier receivership and entitled him to collect the rents since January 29, 1930.

No attempt was made to set aside or review the order appointing Chapman as receiver, which must have been entered inadvertently in the face of the express provision of rule 179 of the Rules of Civil Practice, which, in the absence of special circumstances, should be followed, viz.: " *   *   *   Where a receiver has been appointed,

his appointment shall be extended to any subsequent suit or proceeding relating to the same estate or property in which a receiver is necessary."

The order appointing Chapman, however, must, therefore, be given effect and cannot be vacated or ignored upon this appeal, where it is not the subject of a direct attack. (*Post* v. *Dorr*, 4 Edw. Ch. 412.)

Where, as in this case, it appears that the earlier receivers have continued in the possession and management of the property, unmolested apparently by the superseding receiver, and have made expenditures to keep the premises in repair, pursuant to the authority of the court order appointing them, they should not be compelled to pay over to respondent all of the rents collected since January 29, 1930, for they no longer have the entire amount. Under the circumstances, appellants should forthwith proceed to complete their duties as receivers in the junior proceedings by accounting at once to the court and thereupon delivering to respondent all of the rents collected and received by them since January 29, 1930, less the authorized sums expended by them in the operation of the premises and as accounted for, and their proper commissions.

As so modified, the order appealed from should be affirmed, with ten dollars costs and disbursements to the appellants.

DOWLING, P. J. MERRELL, FINCH and McAVOY, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, with ten dollars costs and disbursements to the appellants. Settle order on notice.