ISIDORE SOKOLOW, Appellant, *v.* GABRIEL REAL ESTATE CORPORATION and Others, Defendants.

GERALD J. CRUISE, Receiver, Appellant; ARTHUR J. O'LEARY, Receiver in Sequestration, Respondent.

First Department, November 6, 1931.

*Samuel W. Dorfman* of counsel [*Schiff, Dorfman & Stein,* attorneys], for the appellants.

*Charles L. Sylvester* of counsel [*Sidney Harris* with him on the brief; *Sylvester & Harris,* attorneys], for the respondent.

MARTIN, J. Prior to the commencement of this action, which was brought to foreclose a third mortgage, sequestration proceedings had been commenced against the Gabriel Real Estate Corporation. By an order of the Supreme Court dated July 22, 1931, the respondent herein was appointed receiver of the property of that corporation and, after duly qualifying, filed a bond in the sum of $10,000. The receivership covered the property known as Nos. 672 and 682 Fort George avenue, borough of Manhattan, city of New York.

On July 25, 1931, this respondent sent his agent to the premises mentioned above in order to collect the rents. The agent was refused admission to the property by one Gabriel, who stated that

he represented Jacob Schiff and that an assignment of rents had heretofore been made by the Gabriel Real Estate Corporation to the said Jacob Schiff.

An order to show cause was served upon the receiver, respondent, on July 27, 1931, requiring him to show cause why he should not be enjoined from interfering with the collection by Schiff or his agents of the issues and profits of the property, upon the ground that the said Schiff was mortgagee in possession of said premises under an alleged assignment of rents. The motion was denied and an appeal has been taken from that order.

On July 31, 1931, Schiff assigned three mortgages, including the third mortgage mentioned herein, to the plaintiff, appellant. On August 3, 1931, this action was commenced to foreclose the mortgage and the plaintiff's attorneys submitted an affidavit asking the Supreme Court for an order appointing a receiver therein. This affidavit, however, did not inform the court that a receiver of this property had already been appointed by the same court. Without knowledge of the facts, the court, by an *ex parte* order, appointed Gerald J. Cruise receiver. Thereupon the first receiver appointed moved to vacate the *ex parte* order. That motion was granted. On August 20, 1931, the order granting the motion to vacate the appointment of the second receiver was entered. This appeal is from that order.

Rule 179 of the Rules of Civil Practice provides as follows: " Where a receiver has been appointed, his appointment shall be extended to any subsequent suit or proceeding relating to the same estate or property in which a receiver is necessary."

There is nothing ambiguous about the language of rule 179. In clear and concise terms it declares that one receiver having been appointed his duties should be extended to any subsequent suit or proceeding in which the appointment of a receiver is necessary. The object of this rule is to avoid the expense of several receiverships and to prevent conflicting claims between the several receivers to the rents or property to which the receiver may be entitled. This was pointed out in the case of *Cagger* v. *Howard* (1 Barb. Ch. 368). There the chancellor held that where the court has jurisdiction of the first receiver he may be compelled to accept and execute the trust in a second suit and that if he refuses to give the additional security he may be removed from his trust as receiver and the court may then appoint another receiver in both suits.

In the case of *Howell* v. *Ripley* (10 Paige Ch. 43) the court held that it was not the practice of the Court of Chancery to appoint two separate receivers of the same property in different suits, but the proper course is to extend the receivership in the first

suit over the second, subject to the legal and equitable claims of all parties and that the rights of the parties in each suit are substantially the same as if different persons had been appointed at the several times when such receivership was granted and extended.

The court held in the case of *O'Mahoney* v. *Belmont* (62 N. Y. 149) that where property is in the possession of a receiver appointed in an action pending in one court, it is under the jurisdiction of that court, which alone can determine any claims as to its disposition and an order of another court appointing a receiver of the same property is subject to this right. The court also held that after a receiver has once been appointed and has taken rightful possession the proper course for parties in another action claiming an interest in the property is to make application to the court making the appointment for an extension of the receivership. An interference with or obtaining possession of the property without the permission of such court is a contempt.

A similar proposition was before this court in the case of *Metropolitan Life Ins. Co.* v. *Jash-Lap Realty Corp.* (231 App. Div. 85), where the court said: " While the order appointing Chapman as receiver did not, by its terms, expressly vacate the prior appointment of appellants as receivers in the foreclosure proceedings previously brought by the junior mortgagees, nevertheless respondent's appointment supplanted the earlier receivership and entitled him to collect the rents since January 29, 1930.

" No attempt was made to set aside or review the order appointing Chapman as receiver, which must have been entered inadvertently in the face of the express provision of rule 179 of the Rules of Civil Practice, which, in the absence of special circumstances, should be followed."

There may be cases where in the opinion of the court the first receiver is not qualified for a subsequent appointment without additional safeguards being imposed to protect all those interested. In such a case a sufficient bond may be required, or if the facts warrant such action, the first receiver may be replaced by a more competent person as receiver. The responsibility for such appointment is in the court making the appointment and that responsibility may not be avoided.

In view of the decisions dealing with this question and the court rule governing the subject, we think the order of the Special Term vacating the appointment of the receiver, appellant, was proper and the order should be affirmed, with ten dollars costs and disbursements.

Finch, P. J., Merrell, McAvoy and Sherman, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.