In the Matter of ACE MAIL ADVERTISING, INC., Respond-
dent, *v.* HARRY NEWGOLD, Appellant.

(Argued October 3, 1934; decided October 16, 1934.)

*Max L. Schallek* and *Meyer H. Robinson* for appellant.

*William Bernstein* and *Harry Pinesick* for respondent.

CRANE, J.  Appellant has been adjudged in contempt for violating the restraining provisions contained in an order in supplementary proceedings, dated November 25, 1930.  The Appellate Division has certified six questions to this court, as the affirmance of the contempt order is not appealable without leave of the Appellate Division.  An order adjudging a party guilty of a civil contempt in proceedings supplementary to execution is not a final order.  (*Hand* v. *Ortschreib Bldg. Corp.*, 254 N. Y. 15.)

The judgment against the appellant, obtained on June 30, 1930, was for $4,902.88.  Under the supplementary proceeding order he was examined on November 25, 1930; on December 5, 1930; and on December 19, 1930, the examination was closed.  Three years later the judg-

ment creditor learned that the judgment debtor at the time of his examination in 1930 had two causes of action pending in the Supreme Court, the facts of which he had not revealed upon his examination, and that in 1933 he had settled the actions for some $20,000, which he paid out to other creditors.

The Ace Mail Advertising, Inc., the judgment creditor here, thereupon obtained on November 2, 1933, another order in supplementary proceedings under which it again examined the judgment debtor and ascertained the facts just stated. Application was thereupon made to punish the judgment debtor for violation of the restraining provisions in both these supplementary proceeding orders. Although this motion was granted it is conceded that it was improper if based upon the order of November 2, 1933, as the restraining provisions in that order could not apply to payments made before it was obtained. The contempt, therefore, rests upon the restraining provisions in the order of November 25, 1930. As above stated, the examination under this order was completed and closed on December 19, 1930. For acts committed and payments made by the judgment debtor in 1933, three years later, the judgment creditor has succeeded in having him punished for contempt on the supposition that the restraining order had remained in force and effect for three years and more.

As we held in *People ex rel. Rogall* v. *Jacoby* (264 N. Y. 485), a proceeding may be deemed abandoned by lapse of time or by the apparent intention of the parties as well as by formal stipulation or order. The respondent insists that it was necessary to obtain an order under section 802 of the Civil Practice Act to discontinue or dismiss the supplementary proceeding order before the restraining provisions could terminate. This was not our holding in the *Rogall* case and is not our determination now. The provisions of section 802 are permissive. Such proceedings may be terminated by consent, by stipulation

in writing or by any other act or lapse of time which indicates abandonment or intention to prosecute no further.

We think that the facts in this case clearly show, as they did in the *Rogall* case, that all further proceedings under the supplementary proceeding order of November 25, 1930, had been abandoned and that the restraining provisions had terminated. We cannot conceive of such an order being kept open indefinitely as a catch for unsuspecting parties. If the judgment debtor on his examination committed perjury, he may be dealt with accordingly.

The order appealed from should be reversed and the judgment debtor discharged, with costs in all courts. Certified questions one and two are answered in the affirmative, three and six in the negative, and four and five not answered.

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.