In the Matter of Supplementary Proceedings: MYRON KOMMEL and Another, etc., Judgment Creditors, v. DAVID E. KARRON, Judgment Debtor.*

City Court of New York, Kings County, September 25, 1935.

---

* Affd., App. Term, Second Dept. N. Y. L. J. Dec. 23, 1935.

*Kommel & Rosenberg*, for the judgment creditors.

*Charles Eno*, for the judgment debtor.

RUSSELL, J. The judgment creditor makes application under section 793 of the Civil Practice Act, as added by Laws of 1935, chapter 630, for an order requiring the judgment debtor to pay in installments a portion of his income. He also asks for costs under the present Civil Practice Act, section 803. The judgment debtor opposes upon the ground that these sections of the Civil Practice Act, as now written, do not apply to a proceeding instituted prior to September 1, 1935. He opposes upon the further ground that no proceeding is now pending since the judgment debtor's examination was concluded January 18, 1935, and no witness has been examined thereafter.

I hold that the proceeding is still pending. Supplementary proceedings are special proceedings. Actions are not determined until a judgment is entered; special proceedings are to continue until closed, or discontinued by consent or by court order, and are not to be deemed abandoned through non-activity until after two years following the institution thereof (Civ. Prac. Act, § 802) which to some extent modifies the decision of the Court of Appeals in *Matter of Ace Mail Advertising, Inc.*, v. *Newgold* (265 N. Y. 298).

In support of his argument that the present sections 793 and 803 were not intended to apply to proceedings commenced before September 1, 1935, counsel calls my attention to the decision of Mr. Justice CROPSEY in *Micamold Radio Corp.* v. *Beedie* (156 Misc. 390), wherein it was held that the 1935 amendments to the Civil Practice Act regulating injunctions in labor disputes are not retroactive for the reason that the statute is not wholly remedial, but would destroy substantive rights if interpreted retroactively. As interesting as this decision is, I believe that *Laird* v. *Carton* (196 N. Y. 169) is nearer the point. Laws of 1908, chapter 148, amended

section 1391 of the Code of Civil Procedure so as to permit an execution against wages to issue upon any judgment. Theretofore this remedy was available only when the judgment was for necessaries, or for services as a domestic, or for salary earned as an employee. The Appellate Divisions in the First and Second Departments have disagreed as to whether the amendment should be so interpreted as to be applicable to executions on judgments previously perfected. The Court of Appeals, agreeing with the Second Department, decided that it should. WILLARD BARTLETT, J., pointed out: " It matters not that when the judgment was recovered an execution could not issue thereon against wages, earnings or salary; it is enough that such an execution has subsequently been authorized. The statutory authorization for its issuance does not impair the obligation of any contract or affect any vested right; it merely furnished the judgment creditor with a broader and more effective remedy than the law gave him before. To this there is no constitutional objection. Such an application of the statute is not so much retroactive as active upon an existing condition of things, to wit, existing judgments which are yet to be enforced by execution " (pp. 172, 173).

I am unable to distinguish in principle between *Laird* v. *Carton* and the case at bar. It is also settled that costs are " determined by the law as it stands when the right to the costs and allowances accrues." (*Defendorf* v. *Defendorf*, 42 App. Div. 166, 167; *Lopiano* v. *New York Telephone Co.*, 139 Misc. 831, 835.)

For these reasons the motion is granted and the judgment debtor, David E. Karron, is hereby directed to pay the existing judgment of $494.88, in four monthly installments of $100 each and one further monthly installment of $94.88, together with $50 as costs of this proceeding and $7.70 as disbursements therein. Submit order providing that the said payments shall begin on October 10, 1935, and continue monthly thereafter and that the costs and disbursements directed be added to and form a part of the last monthly payment. Debtor to be served with certified copy of same.