IDA BRAUN, Judgment Creditor, *v.* NACHMAN KOROSTOFF, Judgment Debtor.

Supreme Court, Special Term, Kings County, December 29, 1936.

*Irving J. North,* for the judgment creditor.

*Copal Mintz,* for the judgment debtor.

CONWAY, J.   Motion to punish judgment debtor for contempt, in that he violated an injunctive order heretofore entered herein. The judgment debtor contends that the amendment in 1935 (Chap. 630) adding section 799 of the Civil Practice Act is inapplicable to supplementary proceedings on a judgment obtained before the amendment took effect.   That amendment extended the injunctive power of the court in supplementary proceedings so as to affect property acquired after the order.   The amendment, if applied to a judgment granted before the amendment took effect, would give to the judgment creditor a remedy for the enforcement of his judgment which he did not have at the time of judgment.   The amendment was not, in terms, retroactive and was as to the *substance*

as distinguished from the *form*, of the remedy. (*Micamold Radio Corporation* v. *Beedie*, 156 Misc. 390, 394, 398.)

In *Jacobus* v. *Colgate* (217 N. Y. 235, 240) the court said: " The general rule is that statutes are to be construed as prospective only. (27 Halsbury's Laws of England, p. 159.) It takes a clear expression of the legislative purpose to justify a retroactive application. (*Isola* v. *Weber*, 147 N. Y. 329; *O'Reilly* v. *Utah, N. & C. Stage Co.*, 87 Hun, 406, 412; *Matter of Protestant Episcopal Pub. School*, 58 Barb. 161; *United States* v. *Heth*, 3 Cranch, 399, 413.) Changes of procedure, *i. e.*, of the form of remedies, are said to constitute an exception (*Lazarus* v. *Met. E. R. Co.*, 145 N. Y. 581; *Laird* v. *Carton*, 196 id. 169), but that exception does not reach a case where before the statute there was no remedy whatever. (*Kelley* v. *B. & M. Railroad*, 135 Mass. 448; *Reinhardt* v. *Fritzsche*, 69 Hun, 565; *Shipman* v. *Treadwell*, 208 N. Y. 404, 415; *Germania Savings Bank* v. *Village of Suspension Bridge*, 159 id. 362.) To supply a remedy where previously there was none of any kind, is to create a right of action."

Motion denied.