HENRY MAILLARD, INC., Judgment Creditor, *v.* ROBERT GILDEN-
BERG, Judgment Debtor.

City Court of New York, Bronx County, Special Term, February 10, 1939.

*Sanford Jarett,* for the judgment creditor.

*David Michaels,* for the judgment debtor.

EVANS, J. The facts are conceded. December 24, 1938, the judgment creditor obtained an order requiring the judgment debtor to appear for examination in supplementary proceedings. December 30, 1938, the debtor appeared, was examined, and the examination was closed, but no order was entered thereon, in any way vacating the injunction clause not to transfer or dispose of property contained in the order for the examination of the judgment debtor. At the time the order was obtained and the examination conducted, and closed, the debtor owned a claim for $502 against the Creston Drug Co., Inc. On January 3, 1939, the debtor collected the amount of the claim and immediately disbursed it to other creditors than the one at bar.

Under section 799 of the Civil Practice Act (added by Laws of 1935, chap. 630), which provides for an injunction against the

transfer of property acquired after supplementary proceedings are instituted, the creditor believes a contempt was committed, when the debtor collected the $502 and disbursed it. The debtor claims that the provisions of that section are not applicable to a judgment obtained prior to its enactment. This was such a judgment. The question is whether section 799 of the Civil Practice Act is a remedial or substantive enactment.

A statute allowing execution against salary and wages was held to be a remedial rather than a substantive enactment. (*Laird* v. *Carton*, 196 N. Y. 169.) So are the present sections 793 and 803 of the Civil Practice Act (*Kommel* v. *Karron*, 157 Misc. 557) and section 779 of the Civil Practice Act. (*Scheuer* v. *Eisenstein*, 8 N. Y. Supp. [2d] 247). But section 799 of the Civil Practice Act is said to be in the nature of a substantive enactment as to prior judgments (although it is clearly remedial as to prospective proceedings), because it supplied a remedy " where previously there was none of any kind " and, therefore, created a substantive right. (*Braun* v. *Korostoff*, 163 Misc. 882.)

But it is not necessary to decide whether *Braun* v. *Korostoff* is to be followed, because it is clear that the sum of $502 received by the judgment debtor from the Creston Drug Co., Inc., was not properly acquired after the date of the order in supplementary proceedings. It was the property owned by the debtor at the time, and his collection and disposition thereof, would have been a contempt before the enactment of section 799 of the Civil Practice Act (*Wood* v. *Schwartz*, 148 Misc. 528), if made during the time the injunction order was in effect.

It is true that before the enactment of section 799 of the Civil Practice Act, it was generally held that where the examination in supplementary proceedings was closed, the proceedings terminated, and that the injunction against the transfer of property ended with the closing of the proceeding. It was thus unnecessary for the debtor to obtain any order of the court to vacate or modify the injunction.

There is nothing in section 799 of the Civil Practice Act that requires a change in the rule. Indeed it is difficult to understand how a general injunction of the kind granted in proceedings of this kind can survive the termination of the proceeding. But the statute must be read as a whole and not merely confined to section 799 of the Civil Practice Act.

By the amendment of 1938 to section 775 of the Civil Practice Act (Laws of 1938, chap. 605) it is provided that the injunction remain in force for a period of two years from its date, unless sooner vacated. That puts the burden, affirmatively, upon the debtor,

to obtain a vacation or modification of the order, within the two-year period. This proceeding was commenced after the amendment took effect.

*Braun* v. *Korostoff* (*supra*) was decided prior to the amendment of 1938 to section 775 of the Civil Practice Act, and that case dealt only with section 799 of the Civil Practice Act. I feel constrained to hold that the amendment of 1938 to section 775 of the Civil Practice Act was a remedial rather than a substantive enactment and that it applied to judgments obtained both prior to and after the amendment.

Accordingly the motion to punish for contempt is granted. Debtor will be fined the amount of the judgment, with ten dollars costs of the motion payable in four equal monthly installments beginning March 1, 1939. Submit order.