RAMOT REALTY CORPORATION, Respondent, v. MANETTO HOLDING CORPORATION and Others, Defendants, Impleaded with ROBERT I. CHAPAL, as Receiver of Rents, Appointed in the Action " FRANCOISE A. HEPWORTH et al., Plaintiffs, v. MANETTO HOLDING CORP. et al., Defendants," Appellant.

Second Department, November 6, 1939.

*Morris Rochman,* for the appellant.

*Emanuel Forst,* for the respondent.

JOHNSTON, J. Robert I. Chapal and others, as executors of the estate of Blanche Chapal, commenced an action in the County Court of Nassau county to foreclose a first mortgage on property at Hicksville, Long Island. In that action Chapal was appointed receiver. While the action was pending, plaintiff instituted this action in the Supreme Court to foreclose a tax lien on the same premises. Chapal, as receiver, and the executors, among others, were made defendants. Judgment of foreclosure and sale was entered in this action, and the defendants, including Chapal, appealed. Defendants at the same time applied at Special Term for an order staying all proceedings under the judgment pending the determination of the appeal. The stay was granted upon condition that the moving defendants, as plaintiffs in the County Court action, " within two days file a written consent to an extension of the receivership in the County Court action to this action as of the date of its commencement." The consent was filed and application

was then made in the Supreme Court for an order extending the receivership in the County Court action to this action. Chapal, as receiver, opposed the motion on the ground that it should have been made in the County Court, where he was first appointed. The motion, however, was granted and an order extending the receivership was entered. Chapal, as receiver, appeals and contends an order extending a receivership must be made in the court in which the receiver was appointed.

I have been unable to find any case precisely in point. It has been held, however, that where a receiver has been appointed and is in rightful possession of property, the proper course for parties in another action claiming an interest in the property is to make application to the court where the receiver was appointed for an extension of the receivership. (*O'Mahoney* v. *Belmont*, 62 N. Y. 133; *Sokolow* v. *Gabriel Real Estate Corporation*, 233 App. Div. 458.)

While the Supreme Court has power to appoint a receiver in an action pending in that court, orderly practice requires that in the instant case the application for the extension of the receivership should have been made in the County Court. The Supreme Court and the County Court have concurrent jurisdiction in an action to foreclose a mortgage (Civ. Prac. Act, §§ 64, 67), and to foreclose a tax lien. (Nassau County Tax Act [Laws of 1916, chap. 541], § 94, as added by Laws of 1919, chap. 154.) If the County Court extends the receivership, it will obviate the necessity for the filing of two accounts by the receiver, one in each court, and the expense incident thereto. Moreover, if two accounts be filed, the Supreme Court and the County Court may disagree as to which items should be credited to or chargeable against the fund prior and subsequent to the extension. This would result in confusion and delay. The fact that the lien of plaintiff in the Supreme Court action is prior to the lien of plaintiffs in the County Court action is immaterial. The rights and interests of the former may be amply protected by appropriate directions to the receiver.

The cases relied upon by respondent are inapposite. In each of them the receivers in both actions or proceedings were appointed by the same court. In the instant case the receiver was appointed by different courts of co-ordinate jurisdiction.

The order should be reversed on the law, with ten dollars costs and disbursements, with leave to plaintiff to renew its motion in the County Court.

LAZANSKY, P. J., ADEL, TAYLOR and CLOSE, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, with leave to plaintiff to renew its motion in the County Court.