### ROTTENBERG et al. v. UNITED STATES.

### No. 241.

Circuit Court of Appeals, Second Circuit.

March 24, 1944.

Lloyd B. Kanter, of Brooklyn, N. Y. (Lewis, Marks & Kanter and Thomas F. Kiely, all of Brooklyn, N. Y., of counsel), for appellants.

Homer R. Miller, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and A. F. Prescott, Sp. Assts. to the Atty. Gen., Harold Kennedy, U. S. Atty., and Vine H. Smith and Nathan Borock, Asst. U. S. Attys., all of Brooklyn, N. Y., on the brief), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

**L. HAND, Circuit Judge.**

Rottenberg, Cohen and Semel, as assignees of Hugh W. Murphy, Inc., a judgment creditor of the Fairbank Realty Corp., appeal from an order of the district court which denied a motion—made pursuant to § 806 of the New York Civil Practice Act —to extend to the judgment of a state court, an already existing receivership in a proceeding supplementary to execution. The facts were as follows. On January 9, 1939, Hugh W. Murphy, Inc., obtained a judgment of nearly $90,000 against a corporation, known as the Fairbank Realty Corporation, in the Supreme Court of the State of New York. The papers do not show that execution was taken out and returned unsatisfied upon this judgment, but that is to be inferred, for on May 31, and June 6th, the Murphy company began a proceeding supplementary to execution by issuing subpoenas out of the Supreme Court, for the examination of Rottenberg and Cohen, who were officers of the judgment debtor. Their testimony was taken, and on June 19, 1939, upon application of the Murphy company, the Supreme Court appointed one, Klages, receiver in the proceeding; and in 1940 Klages sued Rottenberg, Cohen and Semel, for waste, mismanagement and diversion of the judgment debtor's assets. On July 6, 1942, Rottenberg, Cohen and Semel purchased the Murphy judgment for $15,000, and shortly thereafter they procured a discontinuance of the receiver's action against them, and on September 1, 1942 the discharge of the receiver. Meanwhile, on July 17, 1940, the Collector of Internal Revenue served a notice of a tax levy upon Klages, as receiver, covering all the property of the Fairbank Realty Corporation, in the sum of somewhat over $41,000. On September 16, 1942, the United States took judgment for the taxes against the Fairbank Realty Corporation, in the District Court for the Eastern District of New York, and on January 29, 1943, it began in that court a proceeding supplementary to execution, and secured the appointment of Klages as receiver for the second time of the assets of the judgment debtor. Thereupon, on February 10, 1943, Rottenberg, Cohen and Semel moved in the federal court for an order extending this receivership to the Murphy judgment. The judge denied this motion on the ground that Rule 69(a) of the Rules of Federal Procedure, 28 U.S.C.A. following section 723c, gives no jurisdiction to a federal court in supplementary proceedings over judgments of a state court, which have not been reduced to judgment in a federal court. This appeal is from that order.

We do not find it necessary to decide whether Rottenberg, Cohen and Semel were obliged to reduce their state judgment to judgment in a federal court as a condition of extending the receivership to their judgment under § 806 of the New York Civil Practice Act. In Globe Indemnity Co. v. Roe, D.C., 37 F.Supp. 761, the judgment was that of a New Jersey court, and that made a very different situation; in Young v. Aronson, D. C., 27 F. 241, the order which Judge Brown denied would have subjected the receiver to the orders of two courts. For argument we shall assume that no federal judgment was necessary; and this we may do, because in any event Rule 69(a) incorporates the state practice as a whole, under which, as assignees of the Murphy judgment, Rottenberg, Cohen and Semel had no standing to procure an extension of the receivership. Section 802(1) of the Civil Practice Act provides that a proceeding supplementary to execution "shall be deemed closed two years from the service of the order, subpœna or warrant whereby the proceeding is instituted unless the court shall make an order extending the proceeding for a definite [time]." In the case at bar the state court made no such order; and, if the letter of the statute controls, the proceeding of the Murphy company was "closed" before July 1, 1941, for it had been "instituted" before the end of June, 1939. The appellants argue that Herlihy v. Watkins, 252 App.Div. 605, 300 N. Y.S. 242, decided the contrary; but we do not agree. In that case the first judgment creditor, Herlihy, served Watkins, the judgment debtor, on December 22, 1930, but did not secure any receiver until September 1, 1936, nearly six years later. The second judgment creditor, a corporation, began a supplementary proceeding on June 27, 1936, and moved for its own receiver in October, 1936. Watkins, the judgment debtor, raised the point at that time that there was already one receiver, and the court therefore merely extended that receivership to the second judgment. The second judgment creditor at some earlier time had moved to vacate the order appointing the receiver upon the first judgment, but it had not appealed from the order denying that motion. The only appeal before the court was from an order giving priority of lien to the sec-

ond judgment creditor on the theory that the proceeding "instituted" by the first judgment creditor, more than two years before the receiver was appointed, must be "deemed" to have been "closed." The Appellate Division reversed this order awarding priority to the second judgment creditor, and awarded priority to the first, because priority of lien followed priority in the "institution" of the supplementary proceedings. In so doing it undoubtedly did hold that the proceeding of the first judgment creditor had remained in existence for more than two years. Nevertheless, it particularly reserved the question whether the receiver had been correctly appointed (252 App.Div. page 607, 300 N.Y.S. page 245): "We are not concerned with the question * * * that because the supplementary proceedings * * were pending for more than two years * * * they must be deemed * * * closed before the date of the receiver's original appointment." This it could do, and did, because it held that the validity of the appointment of the receiver on the motion of the first judgment creditor had been upheld in the order denying the motion of the second judgment creditor to vacate that appointment; and because the validity of the receivership so affirmed was not subject to collateral attack. Thus, the decision does not hold, or even intimate, that the lapse of two years does not ipso facto "close" a supplementary proceeding which the court has not extended.

Already in 1934 and before the amendment of § 802 in 1935, the New York Court of Appeals held that mere lapse of time might put an end to the injunction contained in an order which began a supplementary proceeding. Ace Mail Advertising, Inc., v. Newgold, 265 N.Y. 298, 192 N.E. 483. See also People ex rel. Rogall v. Jacoby, 264 N.Y. 485, 191 N.E. 527. Yet § 802, as it then stood, made no provision for any automatic termination of the proceeding by lapse of time; on the contrary, it only declared that the court might dismiss the proceeding, if the judgment creditor "unreasonably neglects or delays to proceed." We cannot therefore doubt that the amendment of 1935—only one year later—was meant to carry this doctrine into the statute, and in addition to end any remaining uncertainty by prescribing an exact period—two years—after which the proceeding should be "deemed" for all purposes "closed" without any action by a court. It

follows that the proceeding begun in 1939 under the Murphy judgment must be "deemed" to have been "closed" before the proceeding of the United States was begun.

Moreover, there is another and equally persuasive reason for arriving at the same result. As we have already said, the last examination under the proceeding begun by the Murphy company was in June, 1940: the testimony being signed in July of that year; and in 1942 Rottenberg, Cohen and Semel bought the Murphy judgment, discontinued the receiver's action against them, and procured the order discharging Klages, as receiver. The first sentence of § 802(1) provides that the proceeding "shall continue until closed or discontinued by consent or discontinued, dismissed or closed by order of the court." In order to support their motion for an extension of the receivership to their judgment, the appellants must therefore maintain that for some purposes the proceeding survived their "consent" to the discharge of Klages, for their motion presupposed that they would be entitled to a receiver, if none had been already appointed, and no creditor is entitled to a receiver except as an incident to a proceeding still in existence. The proceeding is a substitute for the former creditor's bill, Importers' & Traders' National Bank v. Quackenbush, 143 N.Y. 567, 571–573, 38 N.E. 728; Maltbie v. Lobsitz Mills Co., 223 N.Y. 227, 234, 119 N.E. 389, and continued pendency of the suit was of course a condition upon the appointment of a receiver under a judgment creditor's bill.

It is perhaps theoretically possible that, although a judgment creditor has ceased all activity, has discontinued the only action which ever promised the recovery of any assets, and has procured the discharge of the receiver, he may not wish to "close" or "discontinue" the proceeding for all purposes; but the statute should not be construed to permit this to be done. The second sentence of § 775(1) imposes conditions upon the "institution" of any new proceeding, after the first is "closed," and in addition requires the order of a court; the obvious object being to protect the judgment debtor from harassment. To allow the judgment creditor to hold the proceeding in perpetual suspense after he has ended a receivership and the judgment debtor has been restored to possession, would circumvent the plain purpose of the section.

Therefore we hold that, when Rottenberg, Cohen and Semel applied for and obtained a discharge of the receiver they consented that the proceeding should be "closed" and "discontinued" for all purposes, and that if they wished to secure an extension of the receivership to the Murphy judgment, they were obliged to get the court's permission under the second sentence of § 775(1). On both grounds the order should be affirmed.

Order affirmed.