In the Matter of IRVING SADOWNICK, Judgment Creditor, against ELI GOLDFARB, Judgment Debtor.

County Court, Sullivan County, December 9, 1954.

*Carl P. Goldstein* for judgment creditor.

*Nathan G. Hand* for judgment debtor.

COOKE, J. This is an application to punish the judgment debtor for contempt because of his failure to appear for examination on an adjourned date.

Judgment creditor instituted the above-entitled proceeding by service of a subpœna on July 5, 1952, and the matter was adjourned to July 28, 1952, on which latter date the judgment debtor defaulted in appearing. This application to punish for contempt was commenced over two years thereafter pursuant to an order to show cause dated November 18, 1954, served on November 23, 1954, and returnable November 29, 1954.

It appears that no order was made extending the proceeding and the issue presented is as to whether the instant application is timely, same having been made over two years after the service of the subpœna instituting the supplementary proceeding.

Subdivision 1 of section 802 of the Civil Practice Act provides in part: "A proceeding under this article shall continue until closed or discontinued by consent or discontinued, dismissed or closed by order of the court; but a proceeding shall be deemed closed two years from the service of the order, subpœna or warrant whereby the proceeding is instituted unless the court shall make an order extending the proceeding for a definite period." Unless the court makes an order extending the proceeding for a definite time, a supplementary proceeding will be deemed closed for all purposes without any action by a court two years from the service of the order, subpœna or warrant which instituted it (*Rottenberg* v. *United States*, 142 F. 2d 151; *Kommel* v. *Karron*, 157 Misc. 557, 558; 8 Carmody-Wait on New York Practice, pp. 347–348). In *Rottenberg* v. *United States* (*supra*), the Circuit Court of Appeals held clearly at page 153: "Already in 1934 and before the amendment of § 802 in 1935, the New York Court of Appeals held that mere lapse of time might put an end to the injunction contained in an order which began a supplementary proceeding. *Ace Mail Advertising, Inc.,* v. *Newgold,* 265 N. Y. 298, 192 N. E. 483. See also *People ex rel. Rogall* v. *Jacoby,* 264 N. Y. 485, 191 N. E. 527. Yet § 802, as it then stood, made no provision for any automatic termination of the proceeding by lapse of time; on the contrary, it only declared that the court might dismiss the proceeding, if the judgment creditor ' unreasonably neglects or delays to proceed.' We cannot therefore doubt that the amendment of 1935 — only one year later — was meant to carry this doctrine into the statute, and in addition to end any remaining uncertainty by prescribing an exact period — two years — after which the proceeding should be ' deemed ' for all purposes ' closed ' without any action by a court."

The attorneys for the judgment creditor urge that the within application is governed by the Judiciary Law, citing section 753 thereof, and that there is no limitation of time within which to punish the debtor for contempt. In view of the above authorities, this court does not agree with said contention. Furthermore, a proceeding to punish a party to supplementary proceedings for contempt is a step incidental to and taken in the supplementary proceedings and it is not a proceeding in the original action nor is it a special proceeding of and by itself

(*Matter of Steinman* v. *Conlon*, 208 N. Y. 198; *Ruf* v. *B. B. & F. Realty Corp.*, 227 App. Div. 390) and therefore the provisions of said section 802, a part of article 45 of the Civil Practice Act dealing with supplementary proceedings, apply.

It should be pointed out that proceedings to punish a party for contempt should not be lightly entertained and can be invoked only in the cases prescribed by statute (*Bernheimer* v. *Kelleher*, 31 Misc. 464, 466).

Application denied, without costs. Submit order.