## UNITED STATES v. FAIRBANK REALTY CORPORATION.

No. 2797.

District Court, E. D. New York.

May 21, 1943.

374

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, and Nathan Borock, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for judgment-creditor.

Lewis, Marks & Kanter, of Brooklyn, N. Y. (Lloyd B. Kanter, of Brooklyn, N. Y., of counsel), for Samuel Rottenberg, Jacob H. Cohen and Bernard Semel.

ABRUZZO, District Judge.

A judgment was entered in favor of the United States of America, the judgment-creditor, and against the Fairbank Realty Corporation, the judgment-debtor, on September 16, 1942, in this Court for the sum of $45,822.30. On February 25, 1943, a receiver of the property of the debtor corporation was appointed by this Court for the purpose of collecting the judgment.

This motion is now made by three officers and directors (Samuel Rottenberg, Jacob H. Cohen and Bernard Semel) of the Fairbank Realty Corporation, the judgment-debtor, for an order extending the receivership to effect the collection of a judgment claimed to be owned by them in the sum of $89,642.15 against the judgment-debtor herein.

This latter judgment was recovered against the Fairbank Realty Corporation in the Supreme Court of the State of New York, Richmond County, on January 9, 1939, in an action brought by Hugh W. Murphy, Inc., a creditor of the corporation. It is alleged that the three individuals, Samuel Rottenberg, Jacob H. Cohen and Bernard Semel, acquired this judgment on July 6, 1942 .by virtue of an assignment from Hugh W. Murphy, Inc. At the time of the assignment of the judgment, supplementary proceedings in aid of execution were pending in the Supreme Court of the State of New York and a receiver had been appointed in those proceedings.

A history of the Murphy judgment against the debtor corporation indicates that, failing to uncover assets of the judgment-debtor, the receiver appointed by the Supreme Court brought action against certain officers and directors of the debtor corporation, including the present movants in this Court; namely, Samuel Rottenberg, Jacob H. Cohen and Bernard Semel. That action was based on allegations of waste, mismanagement and diversion of assets, ascribed to the defendant officers and directors. While the matter was pending, Rottenberg, Cohen and Semel, who were defendants in the action, paid the Murphy corporation $15,000 in settlement of that suit and obtained an assignment of the judgment to which they now seek to have the receivership in this Court extended.

Shortly after the present motion came on to be heard, the receiver herein moved to obtain an order granting him leave to commence and maintain an action against Rottenberg, Cohen and Semel, based upon the identical allegations claimed in the Supreme Court action settled by these three individuals for the sum of $15,000.

The two statutes involved in the determination of this motion are as follows:

New York Civil Practice Act

" § 806. Extension of existing receivership. Only one receiver of the property of a judgment debtor shall be appointed. Where a receiver thereof has already been appointed, the court or judge instead of making the order prescribed in the last section but one, must make an order extending the receivership to the said special proceeding. Such an order gives to the judgment creditor the same right as if a receiver was. then appointed upon his application, including the right to apply to the court to control, direct or remove the receiver, or to subordinate the proceedings in or by which the receiver was appointed to those taken. under his judgment. L.1935, c. 630.

District Court Rules of Civil Procedure

Rule 69. "(a) In General. * * * The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. * * *" 28 U.S.C.A. following section 723c.

In opposition to the motion, the Government claims:

1. The motion must be denied because this Court has no power to extend the existing receivership to a judgment obtained in a court of the State of New York.

2. The application must be denied because upon the facts at bar the three individuals instituting the motion are clearly not judgment creditors.

3. Based upon judicial discretion, the motion should be denied in view of the facts involved in this proceeding.

■ There seems to be no authority for granting this motion. The holder of a judgment recovered in a different tribunal and under the sanction of a different sovereign cannot have his judgment treated as though it were recovered in this Court. Therefore, the receivership cannot be extended.

Section 806 of the New York Civil Practice Act does not grant this authority, nor does the Federal Statutes do so.

■ It is academic that it would be impossible for the holder of a judgment recovered in a state court to issue execution on that judgment in this Court and to have a receiver appointed until he first sued on that judgment and recovered one in this Court. That is precisely what the movants are attempting to do by this motion.

In the case of In re Globe Indemnity Co. v. Daniel E. Roe, D.C., 37 F.Supp. 761, a judgment was recovered in the United States District Court for the District of New Jersey. Upon the basis of that judgment, the Globe Indemnity Company applied for an order in supplementary proceedings in the United States District Court for the Southern District of New York. This motion, like the one at bar was made under the conformity provision of Civil Rule 69. The application was denied. It was stated in the decision at page 762 of 37 F.Supp.: "I can find no warrant for the procedure of this motion. The writ of execution did not run to this district. 28 U.S.C.A. §§ 838, 839. Neither is the procedure authorized by Rule 69, 28 U.S.C.A. following section 723c. If the judgment creditor desires to avail itself of the machinery here, it should sue on the judgment."

■ The Court is of the opinion that this principle of law is well stated. Rule 69(a) merely directs this Court to follow the state court practice in supplementary proceedings but in no way gives it jurisdiction in supplementary proceedings over state court judgments until they have been reduced to judgment in this Court.

■ It is doubtful whether the three movants, Rottenberg, Cohen and Semel, are judgment creditors as provided by Section 806 of the New York Civil Practice Act. They settled a judgment which charged them with waste, mismanagement and diversion of assets of their own corporation; and they took an assignment of the entire judgment. Their contention is that they used their own funds. It is not difficult to believe that they used some of the money they diverted unlawfully from the debtor corporation. Therefore, the judgment which the individuals acquired by assignment would to some extent belong to the debtor corporation and not to the three movants.

It seems highly inequitable to permit three individuals in such a position to be partners with the Government, so to speak, in an action in which the Government seeks to recover a judgment based on the waste, mismanagement and diversion of assets by these individuals. If the Government recovered a judgment against these individuals and they were permitted to extend the receivership in this Court to their judgment, the movants would be receiving a share of a judgment that might be rendered against them for their own acts of misconduct.

The motion is denied.

Settle order on notice.