**Matter of the Supplementary Proceeding:**

**UNITED STATES of America, Plaintiff and Judgment-Creditor,**

v.

**Merthen POTTER and Winifred Potter, Defendants and Judgment-Debtors.**

United States District Court
S. D. New York.
March 26, 1956.

Paul W. Williams, U. S. Atty., for Southern District of New York, New York City, Edwin J. Wesely, Asst. U. S. Atty., New York City, of counsel, for plaintiff and judgment-creditor.

BICKS, District Judge.

The Gramatan National Bank & Trust Company of Bronxville, New York, recovered a money judgment in the Supreme Court of the State of New York against Merthen Potter and Winifred Potter. Supplementary proceedings were thereafter instituted in that Court and in due course closed. The judgment, subsequently assigned to the United States of America, still remains unpaid and unsatisfied.

The United States Attorney has submitted a proposed order directing the judgment debtors to appear in this Court for examination in supplementary proceedings and enjoining them from disposing of any of their property until further order of this Court.

The Government urges that by virtue of 28 U.S.C.A. § 1345 which vests the District Court with original jurisdiction of all civil actions, suits or proceedings commenced by the United States, the United States may maintain supplementary proceedings in this Court in aid of said judgment. It would transform the judgment to a judgment of this Court for the purpose of supplementary proceedings without first having reduced the same to judgment here.

The Government's brief argues in terms of jurisdiction whereas the problem is whether the process of this Court may be invoked in aid of a State Court judgment. Rule 69(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is not to be construed as applying to judgments other than those of the Federal Court. The rule provides that, except as any statute of the United States governs, procedure on execution and proceedings supplementary to and in aid of a judgment shall be in accordance with the practice and procedure of the state in which the district court is held. It provides for conformity of procedure

in enforcing judgments of the Federal Court to state practice but does not constitute the Federal Court an arm of the State Court with respect to collection of its judgments. See 7 Moore, Federal Practice, § 69.03(2); 3 Barron & Holtzoff, Federal Practice and Procedure, § 1481; United States v. Fairbank Realty Corp., D.C.E.D.N.Y.1943, 50 F.Supp. 373, affirmed on other grounds sub nom. Rottenberg v. United States, 2 Cir., 1944, 142 F.2d 151; see also former Title 28 U.S.C.A. § 727.

The proposed order submitted by the Government is returned unsigned.