**Margie J. THRELKELD, Appellee,**

v.

**Stanley V. TUCKER, Appellant (two cases).**

**Nos. 72–1472, 72–1646.**

United States Court of Appeals, Ninth Circuit.

May 3, 1974.

Rehearing Denied June 27, 1974.

Stanley V. Tucker, pro se.

Robert R. Anderson, of Anderson & Anderson, Santa Paula, Cal., for appellee.

## OPINION

Before DUNIWAY, KILKENNY and GOODWIN, Circuit Judges.

ALFRED T. GOODWIN, Circuit Judge:

Margie Threlkeld, formerly Margie Tucker,[1] brought this diversity action upon a judgment for damages rendered by the California Superior Court against Stanley Tucker, a resident of Connecticut, in a state case, Tucker v. Tucker (Threlkeld). The United States District Court granted Threlkeld summary judgment, and Tucker has filed these appeals, contending, *inter alia,* that the district court lacked personal jurisdiction in an action upon a California judgment against a nonresident who had no

---

1. Tucker, in his brief, identifies respondent as the sister of his former wife, while Threlkeld, in an affidavit, identifies herself as the former wife of Tucker. Though interesting, the question of Threlkeld's identity does not bear upon the outcome of this case.

contacts with California after suffering the state judgment.

The state-court judgment was entered upon Threlkeld's counterclaims for malicious prosecution in one of the numerous actions brought by Tucker against Threlkeld in the California state courts. The bringing of six of these actions by Tucker was found to be a species of malicious prosecution for which damages were assessed.

■ California's long-arm statute, section 410.10 of the Code of Civil Procedure, states that:

"A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."

The jurisdiction of the California courts is therefore coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court.[2]

Tucker moved to California in 1956 and remained there until 1961, when he moved to Connecticut. After leaving California, however, Tucker maintained an active interest in California. He visited the state several times a year, and filed more than 30 actions or proceedings in the California courts. Between 1965 and 1967 Tucker filed several actions against Threlkeld in the California state courts.

In 1968, Threlkeld, tiring of the activities of her litigious former husband, counterclaimed, in one of Tucker's actions, for malicious prosecution. Tucker did not defend, and the judgment which is the subject of this case was entered against him in June of 1970. Fourteen months later, having received nothing in payment of the judgment, Threlkeld filed this action in federal court.

Since 1969, Tucker has not been physically present in California. When Threlkeld filed this action, she caused Tucker to be served with process in conformity with California's out-of-state-service procedure. Tucker has neither appeared nor voluntarily submitted to the jurisdiction of the court. The question therefore is whether Tucker's activities in California were sufficient to furnish a jurisdictional basis for this action under the "minimum contacts" doctrine of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ In Tucker v. Tucker (Threlkeld), the state court had jurisdiction over Tucker because, having instituted the action, he had submitted himself to the court's jurisdiction not only as to his own cause of action but also as to any counterclaim filed against him. Witkin, 1 Cal.Proc.2d, Jurisdiction, § 98. *See also* Adam v. Saenger, 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649 (1938); United States of Mexico v. Rask, 118 Cal.App. 21, 4 P.2d 981 (1931). Moreover, because his deliberate and repeated utilization of the California courts amounted to "purposefully [availing himself] of the privilege of conducting activities within the forum State," Tucker became subject to future long-arm jurisdiction in the courts of California in an action arising out of such conduct. *See* Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L.Ed.2d 1283 (1958). These same contacts would satisfy personal jurisdiction if such a case were brought in federal court, for Federal Rules of Civil

**2.** Although time has not permitted the growth of precedent under section 410.10 of the California Code of Civil Procedure, older California authority and recent Court of Appeal cases indicate that the "minimum contacts" test of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), (modified by Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L. Ed.2d 1283 (1958)) defines the boundaries of personal jurisdiction under § 410.10. *See, e. g.*, Owens v. Superior Court of Los Angeles County, 52 Cal.2d 822, 345 P.2d 921 (1959); Buckeye Boiler Co. v. Superior Court of Los Angeles County, 71 Cal.2d 893, 80 Cal.Rptr. 113, 458 P.2d 57 (1969); Martin v. Detroit Lions, Inc., 32 Cal.App.3d 472, 108 Cal.Rptr. 23 (1973); Arnesen v. Raymond Lee Organization, Inc., 31 Cal.App.3d 991, 107 Cal.Rptr. 744 (1973).

**1104**

Procedure 4(e) and 4(d)(7) instruct the federal courts to utilize the long-arm statute of the state within which the federal district court is located.

It is argued, however, that the present action is not one arising directly from Tucker's liability-producing conduct in California (repeated litigation), but rather is one arising out of a California judgment. Superficially, this action is indistinguishable from any other action by a creditor whose claim has been reduced to judgment. It can be argued, then, that because this action is not an action for malicious prosecution, but merely an action upon a judgment, Tucker's original contacts with California, while sufficient to support the judgment, are insufficient to support jurisdiction in an action upon that judgment.

■ Inasmuch as the federal courts are not appendages of the state courts, a federal court cannot enforce a state-court judgment without first independently establishing its own jurisdiction over the subject matter and parties. *See* United States v. Potter, 19 F.R.D. 89 (S.D.N.Y.1956); United States v. Fairbank Realty Corp., 50 F.Supp. 373 (E.D.N.Y.1943), aff'd on other grounds, 142 F.2d 151 (2d Cir. 1944). Here diversity jurisdiction provides the basis for subject-matter jurisdiction, while the Tucker-initiated state lawsuit (resulting in the judgment sued upon in this action), viewed in the context of the other California contacts discussed throughout this opinion, provides the basis for personal jurisdiction. We emphasize that this action is not an attempt to use a federal court or federal process to enforce a state judgment, nor is it a routine action by a creditor seeking to use a federal court to obtain a judgment upon the creditor's local judgment against a non-resident defendant. The claim here sued upon is only one step removed from a diversity action upon a tort committed by the nonresident defendant in California, and it is closely related to an elaborate course of forum-related activities carried on by the defendant.

■ When the "minimum contacts" doctrine is the sole basis for jurisdiction, the claim sued upon must arise out of or be connected with the defendant's forum-related activities. Buckeye Boiler Co. v. Superior Court of Los Angeles County, 71 Cal.2d 893, 80 Cal.Rptr. 113, 118, 458 P.2d 57, 62 (1969). The claim (judgment) here sued upon was connected with and arose out of Tucker's repeated vexation of his former wife in the courts of California.

■ Where, as here, the action upon the judgment is brought within a reasonable time after the judgment was entered (in this case, fourteen months) and where the conduct underlying the judgment clearly evidenced a pattern of continued, deliberate contact with California, there is nothing unreasonable or contrary to "traditional notions of fair play and substantial justice" (International Shoe Co. v. Washington, 326 U.S. at 316) in subjecting the nonresident to the jurisdiction of a federal district court in California. *Cf.* Marra v. Shea, 321 F.Supp. 1140 (N.D.Cal.1971).

■ It is worth emphasizing the limits of our holding in this case. We do not hold that a valid state-court judgment by itself is sufficient basis for out-of-state service upon a nonresident defendant any time an action is brought upon that judgment in a federal court sitting in the state in which the judgment was entered. There must be a history of relevant contacts between the nonresident defendant and the state. The contacts must be related to the state-court judgment, and must not have been weakened by the passage of time. For example, in this case we have relied primarily upon the fact that the defendant himself commenced the very action in which the judgment now sued upon was rendered. Further, that litigation was but part of a Tucker-initiated pattern of conscious and intentional utilization of the courts of the forum state. On these facts, there is no occasion to guard against the overreaching of a foreign debtor by a local creditor.

Tucker's other claims are either frivolous or barred by collateral estoppel. *See* Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947).

The judgment of the district court is affirmed.