Mrs. R. Cattier CUTTEN, also known as Mrs. Ruth L. Cutten, Appellee,

v.

**ALLIED VAN LINES, INC., a corporation, Appellant.**

Mrs. R. Cattier CUTTEN, also known as Mrs. Ruth L. Cutten, Appellee,

v.

**MORGAN AND BROTHER MANHATTAN STORAGE COMPANY, INC., a corporation, Appellant.**

**Nos. 73–1418, 73–1369.**

United States Court of Appeals, Ninth Circuit.

March 28, 1975.

Mark C. Kane, argued, Los Angeles, Cal., for Morgan & Brother Manhattan Storage Co.

F. Phillip Hosp, argued, Los Angeles, Cal., for Allied Van Lines.

Robert H. Edwards (argued), Los Angeles, Cal., for appellee.

Before BARNES, TRASK, and GOODWIN, Circuit Judges.

OPINION

PER CURIAM:

In this diversity action for damages for loss of and injury to household goods during interstate shipment, the warehouseman (Morgan) and the motor carrier (Allied) appeal a judgment holding them jointly and severally liable to the owner of the goods. We affirm.

Ruth Cutten stored her household goods with defendant Morgan in New York City pending her further order. In due course, she called Morgan and requested shipment to her Beverly Hills, California, home.

■ Morgan sent Cutten a cost estimate on a form furnished by Allied. Thereafter, Morgan loaded the goods on a Morgan-owned truck, and issued a bill of lading on an Allied form designating Morgan as "shipper." A Morgan employee, acting as Allied's agent, acknowledged that the goods were received "in good condition." This admission binds Allied.

The Morgan employee, still acting as Allied's agent, but paid by Morgan, drove the truck to California, delivered the goods to Cutten, and received payment for the service. Payment was distributed to Morgan and Allied as agreed by them. Upon arrival, some of the goods were found to be damaged, and others were missing. There is no material dispute about the $17,857.00 determined to be the amount of damage.

Morgan appeals from the judgment, asserting two main points: lack of personal jurisdiction, and error of law in holding Morgan, a warehouseman, to be an interstate carrier and a joint venturer with Allied. Neither point is well taken.

■■ California law controls in-personam jurisdiction. See Fed.R.Civ.P. 4(e). The facts recounted above establish forum-related activities by Morgan adequate, under California law, to justify the district court's finding of jurisdiction. See Threlkeld v. Tucker, 496 F.2d 1101 (9th Cir.), cert. denied, 419 U.S. 1023, 95 S.Ct. 499, 42 L.Ed.2d 297 (1974). See also L. D. Reeder Contractors of Arizona v. Higgins Industries, Inc., 265 F.2d 768 (9th Cir. 1959); Quattrone v. Superior Court, 44 Cal.App.3d 296, 118 Cal.Rptr. 548 (1975).

■ The district court found that Morgan had held itself out as an interstate carrier, and that, when acting in concert with Allied, Morgan acted as an interstate common carrier. These findings are not clearly erroneous.

■ When Morgan, at its customer's request, removed the goods from storage and placed them in its truck for interstate shipment to California, whether as agent for Allied or on its own account, Morgan received property for transportation from a point in one state to a point in another state. This undertaking made Morgan, equally with Allied, liable for damage or loss caused by either party during the interstate journey. See 49 U.S.C. § 20(11).

■ Morgan argues that, acting as agent for and entering into a contract on behalf of the disclosed principal, Allied, it should not be responsible for damage incurred in the performance of the contract. This contention is without merit. Having initially held itself out to Cutten as a common carrier, Morgan cannot now assert that, because Allied was a carrier, Morgan was merely acting as Allied's agent, free from liability for damage allegedly caused by Allied. See Bank of Kentucky v. Adams Express Company, 93 U.S. 174, 182–183, 23 L.Ed. 872 (1876).

Whether Morgan and Allied were involved in a joint venture prior to the issuance of the bill of lading is not material to the resolution of this case. Each has independent common-carrier status, and each participated in the joint venture to ship goods from New York to California.

Allied argues that, by agent Morgan's issuance of the bill of lading, Allied became liable only for damage proved to have occurred during Allied's haul. Allied then argues that, because the goods were in part containerized when received

by the driver, the written "receipt in good condition" indicated only that the containers, and not the goods, were so received. The crux of the argument is that if the goods were damaged in Morgan's custody prior to being loaded aboard the van, Allied is not liable.

From receipt of the containers in good condition, and Morgan's assertion that the goods were not damaged in its custody, the district court could reasonably infer that the goods within the packing crates were in good condition when received by Allied. Allied concedes that the "delivery in good condition" element of a prima facie case can be established by an inference.

The inference of delivery to the van in good condition, combined with subsequent delivery to the owner in damaged condition or no delivery at all, constituted a prima facie case upon which Cutten was entitled to recover in the absence of proof by one or both defendants of facts that would exonerate either from liability. No such facts were proven.

Affirmed.