**Daniel S. PENA, Plaintiff,**

v.

**John VALO and Audrey Valo, Defendants.**

**No. CV 83-0175-RJK.**

United States District Court, C.D. California.

May 13, 1983.

Finley, Kumble, Wagner, Heine, Underberg & Manley, Timothy J. Harris, Beverly Hills, Cal., for plaintiff.

Loo, Merideth & McMillan, Rodney E. Nelson, Christine T. Hoeffner, Los Angeles, Cal., for defendants.

## OPINION

KELLEHER, District Judge.

### I. BACKGROUND

This action arises out of an alleged business relationship between plaintiff Daniel Pena and defendant John Valo. Valo allegedly induced plaintiff to enter into an oil and gas venture with him in September of 1982. Plaintiff claims that he and Valo agreed to establish a number of joint stock trading accounts in various states. Two of these accounts were to be established in New Jersey and New York; the New York account was to be in plaintiff's name, while the New Jersey account was to be in Valo's name. Sometime in October, 1982, Valo allegedly instructed plaintiff to wire $25,000 to the New Jersey account in order to cover a purchase that Valo had made. Plaintiff claims that Valo subsequently withdrew the $25,000 from the New Jersey account and claimed ownership of the money.

Plaintiff filed the instant action on January 11, 1983. The complaint states six causes of action: (1) breach of fiduciary duty, (2) conversion, (3) breach of contract, (4)

money had and received, (5) fraud, and (6) unjust enrichment. The named defendants are John Valo and his wife, Audrey Valo. Plaintiff joins Audrey Valo as an agent of her husband, claiming that she has received some or all of the funds in question.

Plaintiff invokes federal jurisdiction on the basis of diversity of citizenship. Defendants are citizens of New Jersey, while plaintiff is a citizen of California.

Before the court is defendants' motion to quash service of summons and to dismiss the complaint for lack of personal jurisdiction. Defendants filed their motion on February 1, 1983; it was taken under submission by court order on February 18, 1983. The issue before the court is relatively straightforward: Does this court have in personam jurisdiction over the defendants? Since the facts relating to each defendant are distinct, the court will treat them separately.

## II. DISCUSSION

### A. Should this court assert personal jurisdiction over defendant John Valo?

■ It is well established that plaintiff, the party seeking to invoke the court's jurisdiction, has the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977). Plaintiff asserts jurisdiction pursuant to California's "long arm" statute, which provides: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal.Civ.Proc.Code § 410.10 (West 1973). Jurisdiction under Section 410.10 has been held to be "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." *Threlkeld v. Tucker,* 496 F.2d 1101, 1103 (9th Cir.), *cert. denied,* 419 U.S. 1023, 95 S.Ct. 499, 42 L.Ed.2d 297 (1974). The question at hand, then, is whether the assertion of in personam jurisdiction over defendants John and Audrey Valo would comport with constitutional requirements of due process.

■ In deciding questions of personal jurisdiction, "[t]he basic rule is that the defendant must have certain minimal contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d at 1287, citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). In order to meet this standard, the asserted basis for jurisdiction must pass one of two tests set forth in *Data Disc:* (1) Defendants' activities within the state must be substantial enough to support jurisdiction "even if the cause of action is unrelated to the defendant's forum activities," or (2) the court must evaluate the "nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc,* 557 F.2d at 1287. In applying the latter test, the court must follow a three-step approach:

(1) The nonresident defendant must do some act or consummate some transaction [in] the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.

*Id.*

Plaintiff's allegations do not portray Valo's activities in this state as so pervasive that this court would have jurisdiction even if plaintiff's claims were unrelated to Valo's activities here. The court therefore must apply the second test set forth in *Data Disc* and evaluate the extent of Valo's forum activities as they relate to plaintiff's claims.

■ First, the court must find that defendant did some act or consummated some transaction in California by which he "purposefully avail[ed] himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." 557 F.2d at 1287. Plaintiff sub-

mits a declaration in which he states that he met with Valo in Los Angeles on September 25, 1982, in order to discuss the details of Valo's proposals. Plaintiff states that he and Valo entered into an oral contract on that day, thereby initiating the joint stock trading venture that ultimately became the subject of this lawsuit. By this statement, plaintiff makes a *prima facie* showing that defendant did consummate a transaction in California, thereby invoking the "benefits and protections" of the laws of this state.

■ Second, the court must find that plaintiff's claim "arises out of or results from the defendant's forum-related activities." *Data Disc*, 557 F.2d at 1287. In his declaration, plaintiff states that Valo telephoned him in California and instructed him to wire $25,000 to Valo's account in New Jersey. It was upon this inducement that plaintiff allegedly wired to Valo the funds that are the subject of plaintiff's claim. This allegation, coupled with the allegation that Valo consummated the underlying contract in California, constitutes a *prima facie* showing that plaintiff's claim arises out of Valo's forum-related activities. This situation closely resembles that before the court in *Data Disc*. In that case, plaintiff claimed that the contract at issue had been negotiated and executed in California, and that defendant had made representations over the telephone that induced reliance in California. The court found the assertion of personal jurisdiction to be proper. 557 F.2d at 1287–89. Moreover, it did not matter that defendant had made his telephone calls from another state, as Valo allegedly did in the instant case. "The inducement of reliance in California is a sufficient act within California to satisfy the requirement of minimum contacts where the cause of action arises out of that inducement." 557 F.2d at 1288.

■ Finally, this court may only exercise personal jurisdiction if it would be reasonable to do so. *Data Disc*, 557 F.2d at 1287. In his opposition papers, plaintiff makes a *prima facie* showing that it would be reasonable for this court to assert its jurisdic-

tion over Valo. Defendant's alleged conduct and connection with the forum state are such that "he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980).

At this point the court must note that Valo has submitted a declaration of his own, in which he states that he has never "entered into any business transaction in the State of California." This statement impliedly contradicts plaintiff's allegation that he and Valo consummated a contract in Los Angeles. The court thus finds itself faced with an interesting question—how to resolve a factual dispute arising in the context of a motion to dismiss for lack of personal jurisdiction. The Ninth Circuit has recognized the difficulties faced by trial courts in such situations. "Where affidavits are directly conflicting on material points, we do not see how it is possible for the district judge to 'weigh' the affidavits in order to resolve disputed issues.... [W]e see no way to select one set of facts as more credible than the other." *Data Disc*, 557 F.2d at 1284–85.

■ Fortunately, a district court has a wide variety of options at its disposal when faced with a motion to dismiss for lack of personal jurisdiction. The standard procedure, of course, is to determine the matter on the basis of affidavits and a pre-trial motion hearing. As an alternative, the court may wish to defer its decision until the parties have had sufficient time to pursue discovery as to the jurisdictional facts. *Data Disc*, 557 F.2d at 1285 n. 1. Following discovery, the court may allow both sides to present evidence regarding the jurisdictional issues at a full evidentiary hearing. *Id.* at 1289. Finally, the court may defer a resolution of the jurisdictional issue until trial on the merits. *Id.* at 1285 n. 2. Where the court adopts either of the latter two alternatives, plaintiff is required to prove the jurisdictional facts by a preponderance of the evidence. *Id.* at 1285.

It is the view of the court that it would be improper to decide the instant motion on the basis of affidavits alone. Plaintiff has made a *prima facie* showing of jurisdictional facts, but he has not submitted proof amounting to a preponderance of the evidence. Indeed, plaintiff could not possibly do so at this time, nor would it be fair to hold him to such a burden. Such a requirement "would permit a defendant to obtain a dismissal simply by controverting the facts established by a plaintiff through his own affidavits and supporting materials." *Data Disc,* 557 F.2d at 1285. The court therefore holds, with respect to defendant John Valo, that the instant motion must be continued, that the parties must be afforded sufficient time to conduct discovery as to the jurisdictional facts, and that the matter shall be determined at an evidentiary hearing at which plaintiff shall be required to establish jurisdiction by a preponderance of the evidence.

B. *Should this court assert personal jurisdiction over defendant Audrey Valo?*

Plaintiff makes out a much weaker case as to Audrey Valo than he does as to her husband. First, Audrey Valo has submitted a declaration stating that she has conducted no activity in California bearing any relation to plaintiff's claims. This evidence is uncontroverted; plaintiff relies entirely upon his contention that personal jurisdiction over Audrey Valo arises from her agency relationship with her husband. In that regard, both Audrey Valo and John Valo state in their respective declarations that there has been no such agency relationship between them. All that plaintiff offers in response are the conclusory allegations of his complaint, to wit, that Audrey Valo is the agent of her husband and that she is holding some or all of the funds taken from plaintiff.

The court normally must accept the allegations of plaintiff's complaint as true when ruling upon a motion to dismiss for lack of personal jurisdiction. This is not the case, however, where the allegations of

the complaint are contradicted by affidavit. *Data Disc,* 557 F.2d at 1284; *Black v. Acme Markets, Inc.,* 564 F.2d 681, 683 n. 3 (5th Cir.1977); *Long v. Vessel "Miss Ida Ann",* 490 F.Supp. 210, 213 (S.D.Tex.1980). In the instant case, plaintiff has failed to answer the allegations set forth in defendants' affidavits. Plaintiff therefore has failed to make even a *prima facie* showing that this court has jurisdiction over the person of defendant Audrey Valo. Nonetheless, the court takes the view that plaintiff should be given the opportunity to conduct further discovery on this issue. Defendants filed their motion to dismiss on February 1, 1983 —only three weeks after plaintiff filed his complaint. Plaintiff's failure to produce evidence as to the jurisdictional facts may be due only to the early posture of this lawsuit.

For the reasons set forth above, the Court shall enter a Minute Order continuing defendants' motion to dismiss and granting all parties leave to conduct discovery as to the jurisdictional facts.