Acting Director.

Diana MARIETTI, Plaintiff,

v.

Eduardo SANTACANA,
et al., Defendants.

Civil No. 14–1902 (FAB).

United States District Court,
D. Puerto Rico.

Signed June 26, 2015.

Victor Manuel Rivera–Rios, Rivera Colon, Rivera Torres, and Rios Berly, San Juan, PR, for Plaintiff.

David A. Carrion–Baralt, San Juan, PR, for Defendant.

---

**MEMORANDUM AND ORDER** [1]

BESOSA, District Judge.

Before the Court is United States Magistrate Judge Camille L. Velez–Rive's amended Report and Recommendation ("R & R") (Docket No. 40), recommending that defendants Eduardo Santacana and Sheila Gomez's motion to dismiss (Docket No. 27) plaintiff Diana Marietti's first amended complaint (Docket No. 22) be granted in part and denied in part. Plaintiff and defendants objected to the R & R (Docket Nos. 41–42), and defendants responded to plaintiff's objections (Docket No. 45).

For the reasons set forth below, the Court **ADOPTS IN PART** and **REJECTS IN PART** the magistrate judge's R & R, and **GRANTS IN PART** and **DENIES IN PART** defendants' motion to dismiss.

## I. STANDARD OF REVIEW

A district court may refer a pending dispositive motion to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b)(1). Any party may file written objections to the report and recommendation, and a party that files a timely objection is entitled to a *de novo* determination of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(2)-(3). In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judges." 28 U.S.C. § 636(b)(1); *accord* Fed.R.Civ.P. 72(b)(3).

## II. BACKGROUND

On February 2, 2015, Diana Marietti ("Marietti") filed an amended complaint

---

1. Rachel L. Hampton, a second-year student at the University of Michigan Law School, assisted in the preparation of this Memorandum and Order.

against Eduardo Santacana ("Santacana"), his wife Sheila Gomez ("Gomez"), and their conjugal partnership (collectively, "defendants"). (Docket No. 22.) Plaintiff requests:

(1) a declaratory judgment pursuant to 28 U.S.C. § 2201, certifying defendants' obligation to pay spousal maintenance, Individual Retirement Account ("IRA") funds, and attorneys' fees pursuant to judgments ordered by a Minnesota state court;

(2) a writ of execution pursuant to Federal Rule of Civil Procedure 69 ("Rule 69") to enforce Minnesota state court judgments for spousal maintenance ($359,771.82), IRA funds ($33,354.80), and attorneys' fees ($2,926.80); and

(3) restitution for defendant Santacana's unjust enrichment that resulted from his noncompliance with the child support judgment ordered by a Minnesota court ($91,297.71).

*Id.* at pp. 13–14.

On February 9, 2015, defendants moved to dismiss the amended complaint on four grounds:

(1) that the Court lacks subject matter jurisdiction over the declaratory judgment claim because Minnesota and Puerto Rico courts already clarified the relationship between the parties;

(2) that the Court lacks subject matter jurisdiction over the case pursuant to the domestic relations exception;

(3) that the Court should abstain from entertaining the case pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); and

(4) that the claims against co-defendant Gomez should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

(Docket No. 27.)

On April 23, 2015, the magistrate judge recommended:

(A) that dismissal of the declaratory judgment claim be granted;

(B) that dismissal pursuant to the domestic relations exception be denied;

(C) that dismissal pursuant to *Younger* abstention be granted as to plaintiff's claim concerning the spousal maintenance judgment, and denied as to the claims concerning IRA funds, attorneys' fees, and child support; and

(D) that dismissal of the claims against Gomez be denied.

(Docket No. 40 at p. 10.)

### III. DISCUSSION

Neither party objected to the magistrate judge's recommendation as to (A) dismissal of the declaratory judgment claim, (B) denial of dismissal pursuant to the domestic relations exception, and (D) denial of dismissal of the claims against Gomez.[2] *See* Docket Nos. 41–42. The Court has conducted an independent review and **ADOPTS** the magistrate judge's findings and recommendations as to these three parts. Defendants' motion to dismiss the declaratory judgment claim is **GRANTED**, and plaintiff Marietti's declaratory judgment claim is **DISMISSED WITH PREJUDICE**. The motion to dismiss the complaint based on the domestic relations exception and the motion to dis-

---

**2.** In their objection to the R & R, defendants state that they object to recommendation D, but completely fail to elaborate on their reasoning. (Docket No. 42 at p. 3.) The Court does not consider this incomplete thought as an objection.

miss of the claims against Gomez are **DENIED.**

The Court now addresses the magistrate judge's recommendation regarding *Younger* abstention.

## A. *Younger* Abstention

■ The *Younger* abstention doctrine, based on the principle of comity, instructs that federal courts should not interfere with ongoing state court or administrative proceedings. *Rossi v. Gemma*, 489 F.3d 26, 34 (1st Cir.2007). On the whole, however, federal courts must decide cases within the scope of federal jurisdiction. *Sprint Commc'ns, Inc. v. Jacobs,* ── U.S. ──, 134 S.Ct. 584, 588, 187 L.Ed.2d 505 (2013). "Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Id.*

■ The United States Supreme Court clarified in *Sprint* that *Younger* abstention is triggered only by three narrow categories of state court proceedings: (1) "ongoing state criminal prosecutions," (2) "certain 'civil enforcement proceedings,' " and (3) " 'civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions.' " *Id.* at 591 (quoting *New Orleans Pub. Serv., Inc. (NOPSI) v. Council of City of New Orleans,* 491 U.S. 350, 368, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989)).

On February 28, 2014, plaintiff Marietti brought suit against defendant Santacana in Puerto Rico state court requesting that the court give full faith and credit to a Minnesota court judgment ordering Santacana to pay spousal maintenance. (Docket No. 22 at ¶ 29.) The Puerto Rico state court issued a judgment in plaintiff's favor on January 23, 2015, ordering defendant Santacana to pay plaintiff $359,771.82 and to make monthly payments of $2,000 based on the original spousal maintenance judg-ment from the Minnesota court. *Id.* at ¶ 31.

■ Defendants argued, and the magistrate judge agreed, that the Court should abstain from deciding plaintiff's claim seeking a writ of execution of the spousal maintenance judgment to avoid interference with this ongoing proceeding in Puerto Rico state court. Neither defendants nor the magistrate judge addressed, however, whether the Puerto Rico court proceeding fits into one of the three categories of cases delineated in *Sprint.* The Court will proceed with that analysis now.

First, plaintiff Marietti's suit in Puerto Rico court is not a "state criminal prosecution"; it is a civil suit.

■ Second, Marietti's suit in Puerto Rico court is not a "civil enforcement proceeding." For this category of cases, abstention is appropriate where "noncriminal proceedings bear a close relationship to proceedings criminal in nature." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). These cases routinely involve a state actor that has initiated the state action. *Sprint,* 134 S.Ct. at 592. Here, Marietti's suit in Puerto Rico court is not criminal in nature, nor does it involve a state actor. Instead, it is a civil suit filed by Marietti herself, requesting that the court give full faith and credit to a Minnesota court judgment against Santacana.

■ Third, Marietti's suit does not involve an order concerning the state court's ability to perform its judicial function. This category of cases includes a state court's enforcement of its contempt procedures, *Juidice v. Vail,* 430 U.S. 327, 336–38, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), and a state court's enforcement of its post-judgment collection procedures, *Pennzoil*

*Co. v. Texaco Inc.,* 481 U.S. 1, 13, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). Here, plaintiff Marietti's civil suit against defendant Santacana in Puerto Rico court in no way involves an order related to the court's enforcement of its procedures.

Because Marietti's suit in Puerto Rico court does not fit into any of the three categories of cases that trigger *Younger* abstention, the Court **REJECTS** the magistrate judge's recommendation to grant dismissal of plaintiff's claim concerning the spousal maintenance judgment. The magistrate judge correctly found that plaintiff Marietti did not seek enforcement of the Minnesota judgments concerning IRA funds, attorneys' fees, and child support in her suit before the Puerto Rico court. The Court accordingly **ADOPTS** the magistrate judge's recommendation that *Younger* abstention is not appropriate for these claims. Defendants' motion to dismiss pursuant to the *Younger* abstention doctrine is therefore **DENIED.**

### B. Defendant Santacana's New Suit in Puerto Rico Court

In their objections to the R & R, defendants argue that the Court should abstain from hearing this case pursuant to *Younger* "based on facts that ... occurred after the filing of the Motions to Dismiss." (Docket No. 42 at pp. 3–5.) These "new facts" are a civil suit that defendant Santacana initiated against plaintiff Marietti on January 16, 2015, in the San Juan Superior Court, seeking child support for the living and educational expenses of their youngest child. *Id.*

■ Defendant Santacana filed the suit in the San Juan Superior Court on January 16, 2015, more than three weeks *before* defendants moved to dismiss the amended complaint on February 9, 2015. Thus, defendants' argument is not based on "new facts," and indeed it could have been

raised in the motion to dismiss the amended complaint. The Court is not required to review new theories that were not raised before the magistrate judge. *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990–91 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.").

The Court will nonetheless give short shrift to defendants' argument. The new suit filed by defendant Santacana in the San Juan Superior Court is plainly not a "state criminal prosecution[ ]," a " 'civil enforcement proceeding[ ],' " or a " 'civil proceeding[ ] involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions.' " *See Sprint,* 134 S.Ct. at 591 (quoting *NOPSI,* 491 U.S. at 368, 109 S.Ct. 2506). Thus, the new suit does not fall within any of the three categories of cases that trigger *Younger* abstention, and the Court therefore finds defendants' belated *Younger* argument unpersuasive.

### C. *Colorado River* Abstention

■ Defendants raise yet another new argument that they could have, but inexplicably did not, raise before the magistrate judge in their motion to dismiss. In light of the suits brought before Puerto Rico courts by plaintiff Marietti on February 28, 2014 and by defendant Santacana on January 16, 2015, defendants argue that, the Court should dismiss this case pursuant to the *Colorado River v. United States* principle of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (internal quotation

marks and citation omitted). (Docket No. 42 at pp. 5–10.)

Here the Court must pull back the reins on defendants' attempt to use the magistrate system as a dress rehearsal. The First Circuit Court of Appeals has held "categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate." *Paterson–Leitch Co.*, 840 F.2d at 990–91; *accord Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir.1987) ("Parties must take before the magistrate, not only their best shot but all of their shots." (internal quotation marks and citation omitted)). "[I]t would be fundamentally unfair to permit [defendants] to set [their] case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Paterson–Leitch Co.*, 840 F.2d at 991. This is exactly what defendants are doing with their newly-raised *Colorado River* argument, and the Court will not permit this unfairness. Accordingly, the Court deems defendants' *Colorado River* abstention argument as waived due to their failure to present the argument before the magistrate judge.

### D. Marietti's Cause of Action Brought Pursuant to Rule 69

Although neither party raised this concern, the Court questions whether it has jurisdiction over plaintiff Marietti's claim brought pursuant to Rule 69. *See Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir.2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte."). In her Rule 69 claim, plaintiff seeks a writ of execution to enforce money judgments established by the Minnesota state court. *See* Docket No. 22 at p. 11. Case law suggests, however, that Rule 69 is not available to enforce state court judgments in federal court. *See Gagan v. Monroe*, 269 F.3d 871, 873 (7th Cir.2001) ("[Rule 69] allows a judgment creditor ... to return to the district court where the judgment was entered and seek the district court's assistance in enforcing the judgment."); *Threlkeld v. Tucker*, 496 F.2d 1101, 1104 (9th Cir.1974) ("Inasmuch as the federal courts are not appendages of the state courts, a federal court cannot enforce a state-court judgment without first independently establishing its own jurisdiction over the subject matter and parties."); *United States v. Potter*, 19 F.R.D. 89, 89–90 (S.D.N.Y.1956) ("Rule 69(a) ... provides for conformity of procedure in enforcing judgments of the Federal Court to state practice but does not constitute the Federal Court an arm of the State Court with respect to collection of its judgments."); *United States v. Fairbank Realty Corp.*, 50 F.Supp. 373, 375 (E.D.N.Y. 1943), *aff'd sub nom. Rottenberg v. United States*, 142 F.2d 151 (2d Cir.1944) ("Rule 69(a) ... in no way gives [the federal court] jurisdiction in supplementary proceedings over state court judgments until they have been reduced to judgment in [the federal court]."); *see also* 12 Charles Alan Wright et al., Federal Practice and Procedure § 3011 (2d ed. 2015) ("Rule 69 applies only to money judgments of the federal court ... [and] has no application to state-court judgments.").

Accordingly, the Court **ORDERS** plaintiff Marietti to show cause why the Court has jurisdiction over her claim brought pursuant to Rule 69.

### E. Motion to Dismiss the Original Complaint

Finally, the Court corrects some apparent confusion as to the role of plaintiff's original complaint (Docket No. 1) and defendants' motion to dismiss (Docket No.

14). Because plaintiff filed an amended complaint (Docket No. 22) and defendants filed a motion to dismiss the amended complaint (Docket No. 27), the original complaint (Docket No. 1) and motion to dismiss (Docket No. 14) are **MOOT.** *See Connectu LLC v. Zuckerberg,* 522 F.3d 82, 91 (1st Cir.2008) ("An amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case." (internal quotation marks and citations omitted)).

## IV. CONCLUSION

For the reasons explained above, the Court **ADOPTS IN PART** and **REJECTS IN PART** the magistrate judge's R & R (Docket No. 40).

The Court **GRANTS IN PART** and **DENIES IN PART** defendant's motion to dismiss the amended complaint (Docket No. 27). Defendants' motion to dismiss the declaratory judgment claim is **GRANTED,** and plaintiff's declaratory judgment claim is **DISMISSED WITH PREJUDICE.** Defendants' motion to dismiss the remaining claims is **DENIED.** Defendants' motion to dismiss the original complaint (Docket No. 14) is **MOOT.**

Furthermore, the Court **ORDERS** plaintiff Marietti to show cause, **no later than July 27, 2015,** whether the Court has jurisdiction over her claim brought pursuant to Rule 69.

**IT IS SO ORDERED.**