**FILED**
**MARCH 14, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JAMES-BENJAMIN BARSTAD, | ) | No. 35809-7-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, C.J. — James Barstad, pro se, appeals the trial court's

dismissal of his lawsuit against the State of Washington. We affirm.

FACTS

After a violent prison incident, the Washington State Department of Corrections

(DOC) served Mr. Barstad with a GVRS[1] "Notification of Restrictions" document and

removed his JPay player for a period of 30 days. GVRS is a policy that was implemented

by the DOC to reduce and deter violent acts among inmates by imposing privilege

restrictions.

---

[1] Group Violence Reduction Strategy.

Mr. Barstad filed a grievance with DOC and exhausted his potential administrative

remedies. He then filed the present civil action against the State for over $46 million,

alleging that DOC trespassed against him and violated his due process rights by removing

his JPay player before giving him notice and an opportunity to be heard.

The State moved to dismiss this action for failure to state a claim. The State

additionally requested the trial court to enter a finding that the action was frivolous. The

trial court granted the State's dismissal motion and entered the requested finding.

Mr. Barstad appealed.

ANALYSIS

Mr. Barstad argues the trial court erred by dismissing his civil action against the

State. We review de novo an order granting dismissal under CR 12(b)(6). *FutureSelect*

*Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 962, 331 P.3d 29

(2014).

A.      CR 12(b)(6) DISMISSAL STANDARD

CR 12(b)(6) permits summary dismissal of a civil action if the complaint fails to

state a claim on which relief can be granted. When ruling on a CR 12(b)(6) motion, the

trial court presumes all facts alleged in the plaintiff's complaint are true. *Tenore v. AT&T*

*Wireless Servs.*, 136 Wn.2d 322, 330, 962 P.2d 104 (1998). Also, any hypothetical

situation conceivably raised by the complaint will defeat a CR 12(b)(6) motion. *Bravo v. Dolsen Cos.*, 125 Wn.2d 745, 750, 888 P.2d 147 (1995). "If a plaintiff's claim remains legally insufficient even under his or her proffered hypothetical facts, dismissal pursuant to CR 12(b)(6) is appropriate." *Gorman v. Garlock, Inc.*, 155 Wn.2d 198, 215, 118 P.3d 311 (2005).

>    B.    MR. BARSTAD WAS ENTITLED ONLY TO THE PROCESS AFFORDED TO HIM
>          UNDER DOC REGULATIONS

Mr. Barstad argues that DOC's removal of his JPay player for 30 days without notice or an opportunity to be heard violated his due process rights.

The Fourteenth Amendment to the United States Constitution prohibits any state from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Generally, procedural due process requires notice and an opportunity to be heard before a deprivation of life, liberty, or property. *Amunrud v. Bd. of Appeals*, 158 Wn.2d 208, 216, 143 P.3d 571 (2006).

However, in the prison context, a prisoner's liberty interest is protected only when the actions of prison officials impose "'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *In re Pers. Restraint of Gronquist*, 138 Wn.2d 388, 397, 978 P.2d 1083 (1999) (alteration in original) (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)). "Where sanctions imposed

for general infractions result at most in loss of privileges and not loss of good time credits, prisoners charged with general infractions are not entitled to minimum due process and the process afforded by regulation is all the inmate is due." *Gronquist*, 138 Wn.2d at 397. Sanctions that are imposed for general infractions include loss of a privilege. WAC 137-28-240(2)(c).

DOC controls what items may be retained by an inmate, and those privileges may be suspended for safety, medical, or mental health reasons. *See* WAC 137-36-030. Here, DOC's 30-day removal of Mr. Barstad's JPay player was not an atypical and significant hardship in relation to the ordinary incidents of prison life. Rather, it was a loss of a privilege and, therefore, a general sanction. As such, the process afforded by DOC regulations was the only process required to be followed. Those regulations set forth a post-deprivation grievance procedure, which Mr. Barstad pursued.

We conclude that Mr. Barstad's complaint failed to state a claim on which relief could be granted, and the trial court did not err in granting the State's motion to dismiss.

C. WE DECLINE TO REVIEW CLAIMS OF ERROR NOT RAISED BELOW

Mr. Barstad makes many incoherent statements and claims in his opening and reply briefs. To the extent these statements or claims raise nonconstitutional or nonjurisdictional issues, they were not raised in the trial court, and we decline to review

4

them.  *See* RAP 2.5(a) (appellate court generally will decline to review arguments not raised in the trial court).  To the extent the statement or claims raise constitutional issues, the arguments are incoherent, and we decline to address them.  *See Norcon Builders, LLC v. GMP Homes VG, LLC*, 161 Wn. App. 474, 486, 254 P.3d 835 (2011) (appellate court will not consider inadequately briefed arguments).  To the extent Mr. Barstad asserts that the trial court lacked jurisdiction over him or the ability to decide his case, he submitted himself to the trial court's jurisdiction when he filed his complaint and sought relief from that court.  *See Threlkeld v. Tucker*, 496 F.2d 1101, 1103 (9th Cir. 1974) (state court had jurisdiction over the plaintiff because plaintiff instituted the action).

D.    FRIVOLOUSNESS OF APPEAL

The State requests that we find Mr. Barstad's appeal frivolous so as to limit his ability to file future actions or appeals without first paying filing fees.  *See* RCW 4.24.430.

"'A lawsuit is frivolous [for purposes of RCW 4.24.430] when it cannot be supported by any rational argument on the law or facts.'"  *Matthews v. State*, No. 50835-4-II, slip op. at 5 (Wash. Ct. App. Sept. 18, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2050835-4-

No. 35809-7-III
*Barstad v. State*

II%20Unpublished%20Opinion.pdf[2] (quoting *Tiger Oil Corp. v. Dep't of Licensing*, 88

Wn. App. 925, 938, 946 P.2d 1235 (1997)).  Here, Mr. Barstad's assertions, including

assertions that DOC violated his due process rights, cannot be supported by any rational

argument.  We find that Mr. Barstad's appeal was frivolous.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.

Fearing, J.

---

[2] Under GR 14.1, unpublished opinions have no precedential value, but may be cited as nonbinding authorities and accorded such persuasive value as the court deems appropriate.

6